No. 4947.

(Court of Appeal, Parish of Orleans.)

## S. W. STAFFORD, RECEIVER, vs. N. A. SHADDINGER.

H. W. Robinson for plaintiff and appellee.

Carroll, Henderson & Carroll, for defendant and appellant.

Jos. A. Casey for appellant.

ST. PAUL, J.—On January 20, 1909, plaintiff obtained judgment by default against defendant.

On June 1, 1909, execution issued and the People's Homestead Association was made garnishee. The Homestead Association answered that it owed defendant nothing except,

"That on or about the 13th day of May, 1909, garnishee entered into a building contract with said N. Shaddinger for the remodeling of the building No. 3928-3930 Perrier Street; that in said contract it was agreed and stipulated that all work was to be done for the price and sum of $2100.00, and that payments for said work were to be made to the said N. Shaddinger (contractor), and to his bondsman, M. G. Gund, jointly." * * * *

"That the first payment of $300.00 is due said Shaddinger, and his bondsman, but that respondent is not advised as to the respective interests of said Shaddinger and his bondsman in said contract, but

that said bondsman has some interest in having said sum applied to the payment of debts, if any, due upon said works."

On October 22, 1909, plaintiff took a rule on the garnishee and M. G. Gund to show cause why the garnishee should not turn over to the sheriff, out of the funds in its hands, sufficient to satisfy plaintiff's claim.

To this rule M. G. Gund responded as follows:

"That he is apparently surety on the building bond and contract, * * * and that N. Shaddinger was merely the sub-contracter on said building for the carpenter labor and that at the time that the said garnishment was issued there was nothing due the said N. Shaddinger; that all the bills for material used in said building were charged to your respondent; that the amount of the contract for said building was the sum of $2100, and that the amount paid out or now due by respondent on said building was the sum of $2279.28, so that respondent has sustained the loss of $179.28, wherefore respondent prayed that the rule be dismissed."

When the rule was tried, the respondent, Gund, tendered certain evidence which was objected to as irrevelent. The objection was sustained and the rule was made absolute. From this judgment the garnishee and Gund have appealed.

Without going into the details of the evidence sought to be introduced, and thus excluded, suffice it to say that respondent's complaint, as set forth in the brief on file, is that "if the evidence had been admitted it would have supported fully the averments of the answer, and would have been very material to the issue."

This raises the question whether the answer to the rule tenders any issue on which respondent was entitled to offer evidence.

The District Judge evidently thought that it did not, and so do we.

Plaintiff seized in the hands of the garnishee a sum of money which, on the face of the papers, belonged to Shaddinger, the defendant, in which, however, M. G. Gund might have some interest actual or eventual. The rule taken by plaintiff required Gund to set forth that interest whatever it might be.

Now, the only interest which Gund could have shown was either that the fund belonged to him and not to Shaddinger, or that he had some claim against Shaddinger or against the fund by virtue whereof he was entitled to be paid in preference to plaintiff.

But respondent has assumed neither the one position nor the other. He does not claim that the sum was assigned to him by Shaddinger; nor yet does he claim that the same belongs to him as contractor, he carefully abstains from setting forth by whom the house was built or who was the contractor.

Nor does he set out with any greater degree of certainty the nature of his claim or title to a preference over plaintiff. He does claim that the bills for material used in the building were charged to him and that the amount paid out or due by him exceeded the contract price by $179.28; but he does not claim a conventional subrogation thereto for the reason that he repudiates the quality of surety for Shaddinger: 1. By claiming that he was only "apparently surety"; 2. by denying that Shaddinger was principal on said contract; 3. by showing that the bills for material were charged to himself and not to Shaddinger.

The fact is that respondent, though required by the rule to show his real interest if any in the fund under seizure, either failed or declined so to do; for it is impossible to determine from his answer what interest, if

any, he claims therein; that is to say, whether he be himself the principal in the contract, or only the surety thereon, or a mere nominal party thereto acting for some undisclosed person, and without any real interest therein.

Any one of these positions is inconsistent with the others, and yet, whether so intended or not, his answer is so framed that in point of fact he might shift from one position to the other as the exigencies of the case might require.

We think the District Judge properly excluded any evidence tending to support the loose and inconsistent averments of the answer.

The Judge also properly excluded evidence as to Shaddinger's bankruptcy. Respondent was without interest whatever in said bankruptcy and had no authority to champion the right of Shaddinger's creditors.

The Judgment making the rule absolute is correct and will be affirmed.

Judgment affirmed.

April 4, 1910.

Rehearing refused, April 18, 1910.

Writ denied by Supreme Court, May 24, 1910.